# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CRUZ BAYLON and
MARIA BAYLON,

        Plaintiffs,

v.                                                                    Case No.: 1:12-cv-00052-MCA-KBM

WELLS FARGO BANK, N.A., and
MCCARTHY & HOLTHUS, LLP
d/b/a MCCARTHY, HOLTHUS & LEVINE,

        Defendants.


## DEFENDANT, McCARTHY & HOLTHUS, LLP d/b/a McCARTHY, HOLTHUS & LEVINE'S BRIEF IN OPPOSITION OF MOTION TO COMPEL

I.    Nature of the Case

Plaintiffs claim McCarthy & Holthus, LLP d/b/a McCarthy, Holthus & Levine (hereinafter "McCarthy"), intentionally sought collection of a discharged debt against the Plaintiffs. Plaintiffs requested reinstatement figures which brought upon the letter sent to the Plaintiffs. Defendants filed a judicial foreclosure action against the Plaintiffs. The Judgment issued against the Plaintiffs was for an "in rem" Judgment. No deficiency Judgment was issued by the state court.

II.    Defendant McCarthy only objects to the Motion to Compel in reference to Request for Production No. 4.

McCarthy does not oppose and has been assembling the answers to Interrogatories Nos. 3 and 9-12 and Requests for Production Nos. 3 and 10 pursuant to the letter and agreement of the parties previously and has been compiling this information for the Plaintiffs. McCarthy still

1

opposes Plaintiffs' Motion to Compel in reference to Request for Production No. 4.

Plaintiffs request for a copy of the retainer agreement of the parties is protected under the attorney client privilege. As stated by the Plaintiffs in their Motion to Compel, there are four elements to the work product protection. (1) Materials must be documents or tangible things. In this case we are discussing a written agreement between the Defendants. (2) Materials must be prepared in anticipation of litigation or for trial. In this case we are discussing an agreement between the parties in reference to the filing of judicial actions on behalf of the Defendants. (3) Materials must be prepared by or for party's representative. In this case we are discussing and agreement prepared in anticipation of litigation for the Defendants. No. (4) would not pertain in reference to the agreement. Clearly the agreement between the Defendants would fall under the attorney client privilege protection.

Plaintiffs' factual argument for the production of the agreement is that it may reflect a warranty or obligation by either Defendant as to the other Defendant. That information even if the Court found the litigation agreement between the Defendants admissible is irrelevant as the Plaintiffs' are not a party to the contract. If those representations were made by either party in their agreement, then either of the Defendants could file a cross claim for indemnification. Plaintiffs are not a party to the contract and any representations made in any agreement between the Defendants is in reference to only the Defendants and no contemplation of a third party being a party to it is would have been contemplated.

In addition, the information Plaintiffs are requesting could be easily determined by way of a request for admission or interrogatory. Plaintiffs have no need for the entire agreement of the Defendants if their sole purpose is for the question if the agreement contains any warranty or

obligations as to either Defendant.

The crime fraud exception does not apply. As stated by the Plaintiffs, they must prove that the Defendants have engaged in fraudulent or illegal conduct and communications were made in furtherance of that misconduct. Plaintiffs have not done that.

III.   Conclusion

For the foregoing reasons, Defendant McCarthy respectfully requests that the Court deny Plaintiffs' Motion to Compel as to Request for Production No. 4.

**DATED** this 4th day of September, 2012.

**McCARTHY ◆ HOLTHUS ◆ LEVINE**

By: /s/ Matthew A. Silverman (24751)
    8502 E. Via De Ventura, Suite 200
    Scottsdale, Arizona 85258
    Attorney for Defendant
    McCarthy & Holthus, LLP, d/b/a
    McCarthy, Holthus & Levine
    (480) 302-4100

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Charles S. Parnall
    cparnall@nmconsumerwarriors.com

    Richard N. Feferman
    rfeferman@msn.com

    Larry J. Montano
    lmontano@hollandhart.com

    Adam G. Rankin
    agrankin@hollandhart.com

    Daniel R. Delaney
    ddelaney@bmas.com

    /s/ Stacy Van Pay
    Stacy Van Pay