IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRUZ BAYLON and
MARIA CARMEN BAYLON,

     Plaintiffs,

vs.                                                 Civ. No. 12-52 KG/KBM

WELLS FARGO BANK, N.A. and
MCCARTHY & HOLTHUS, LLP
d/b/a MCCARTHY, HOLTHUS & LEVINE,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     On January 4, 2013, Defendant Wells Fargo Bank, N.A. timely filed its Objection to Chief United States Magistrate Judge Karen B. Molzen's Order granting, in part, Plaintiffs' Motion to Compel and compelling Wells Fargo to answer Interrogatory No. 8 of Plaintiffs' first set of written discovery, as subsequently limited by Plaintiffs and Judge Molzen.[1] *See* (Docs. 38, 80, and 85). Plaintiffs oppose Wells Fargo's Objection. (Doc. 96). Wells Fargo filed a reply to Plaintiffs' opposition. (Doc. 113). Having reviewed the Order, the Objection, and the accompanying briefs, the Court overrules the Objection and determines that Wells Fargo must answer Interrogatory No. 8 by January 31, 2014.

*A. Background*

     *1. Plaintiffs' Complaint (Doc. 1)*

     On January 18, 2012, Plaintiffs filed their Complaint seeking damages, including punitive damages, under the Fair Debt Collection Practices Act and the New Mexico Unfair Practices

---

[1] Unless otherwise noted, references to Interrogatory No. 8 are to the version of Interrogatory No. 8 which Plaintiffs and Judge Molzen limited.

Act, and for common law tortious debt collection.  Plaintiffs contend that they defaulted on a mortgage loan (the Debt) and that Wells Fargo obtained the Debt after the default.  Plaintiffs further allege that in August 2009 they filed for bankruptcy because of their inability to make payments on the Debt. According to Plaintiffs, the bankruptcy court discharged the Debt in January 2010.  Plaintiffs maintain, however, that after the bankruptcy court discharged the Debt, Wells Fargo and Defendant McCarthy & Holthus, LLP d/b/a McCarthy, Holthus & Levine, a California law firm Wells Fargo hired to collect on the Debt, engaged in abusive debt collection efforts despite being informed multiple times that the bankruptcy court had discharged the Debt. Consequently, Plaintiffs filed this lawsuit.

2. *Interrogatory No. 8 and the Motion to Compel*

The original Interrogatory No. 8 states:

Identify all other lawsuits, claims to government agencies, claims to the Better Business Bureau or similar entity, or complaints to law enforcement in the last five years, regarding Wells Fargo's debt collection practices.  Please state the name, address and telephone number of all persons who brought such claims or made such complaints.  For each civil action or criminal proceeding against Wells Fargo, please state the docket number and court as well as the names and addresses of the attorneys representing the consumers.

a.  Identify by the designation "discharge violation" each lawsuit or complaint that involved an allegation that Wells Fargo improperly attempted to collect a debt that had been discharged in bankruptcy.

b.  Explain what Wells Fargo did to investigate each discharge violation incident.

c.  Explain what Wells Fargo did following its investigation, to make sure that its collectors would not attempt to collect a debt that had been discharged in bankruptcy in the future, following each discharge violation incident.

(Doc. 39-2) at 8-9.  Wells Fargo objected to answering the original Interrogatory No. 8 because it is vague, overly broad, and unduly burdensome.  Wells Fargo also objected to answering the original Interrogatory No. 8 because it seeks information that is equally accessible to Plaintiffs; it

is not relevant; it assumes that Wells Fargo is a debt collector; it seeks privileged information; and it seeks confidential financial information from Wells Fargo's customers.  Plaintiffs filed their Motion to Compel, in part, as a response to these objections.

On September 4, 2012, Judge Molzen allowed Wells Fargo additional time to respond to the Motion to Compel so that it could "obtain an affidavit relative to its assertion that Plaintiffs' requests are unduly burdensome."  *See* (Doc. 45) at ¶ 6; (Doc. 47).  Wells Fargo, however, never submitted an affidavit or any other evidence to support its various objections to answering Interrogatory No. 8.

Plaintiffs then limited and clarified the scope of Interrogatory No. 8 in their reply to Wells Fargo's response to the Motion to Compel.  First, Plaintiffs limited Interrogatory No. 8 to complaints filed within the past three years which allege "that Wells Fargo attempted to collect a debt that had been discharged in bankruptcy." (Doc. 59) at 2. Second, Plaintiffs limited the requested information "to complaints filed in state and federal courts, with attorney general's offices, with the Federal Trade Commission ('FTC'), and Consumer Financial Protection Bureau ('CFPB')."  *Id*.  Third, Plaintiffs clarified that they seek information related to actions Wells Fargo took, not to Wells Fargo's communications with counsel regarding what actions to take.  *Id.*   Finally, Plaintiffs indicated that whatever information is not a matter of public record would be subject to a stipulated confidentiality order that the Court already entered in this case.  *Id*. at 6.

### 3.  Judge Molzen's Order

Judge Molzen determined that Interrogatory No. 8 is relevant to Plaintiffs' claims for punitive damages. (Doc. 80) at 4.  Additionally, Judge Molzen rejected Wells Fargo's assertion that "it is self-evident that compliance with the request would be extremely time-consuming and costly…."  *Id*. at 5 (quoting (Doc. No. 49) at 3).  Thus, Judge Molzen concluded that Wells

Fargo did not adequately show that it would be overly burdened by responding to Interrogatory No. 8. *Id*. at 4-5. Judge Molzen further concluded that the information Plaintiffs seek in Interrogatory No. 8 would be more readily available to Wells Fargo than to Plaintiffs. *Id*. at 5. Consequently, Judge Molzen could not find "that the burden of responding to Interrogatory No. 8, as limited herein, outweighs the benefits of the information." *Id*.

Judge Molzen also determined that the information Plaintiffs seek in Interrogatory No. 8 is not subject to attorney-client privilege or to work product privilege. *Id*. Finally, Judge Molzen concluded that private information regarding other Wells Fargo customers would be kept confidential under the stipulated confidentiality order. *Id*. Judge Molzen, therefore, overruled Wells Fargo's objections to Interrogatory No. 8 and ordered that Wells Fargo respond to Interrogatory No. 8, as limited by Plaintiffs, within 30 days of the entry of her Order. *Id*. at 10.

After Wells Fargo filed its Objection to the Order, Judge Molzen stayed her Order until the conclusion of a discovery status conference she set on January 31, 2013. *See* (Doc. 94). After holding the January 31, 2013, discovery status conference, Judge Molzen ordered the following on that same day: (1) "Wells Fargo must respond to Interrogatory No. 8 as limited by Plaintiffs in the reply [to the Motion to Compel] and provide information as to complaints since 2010 alleging attempts by Wells Fargo to collect a debt that had been discharged in bankruptcy which have been filed in state and federal courts, with attorney general's offices, with the Federal Trade Commission ('FTC') and Consumer Financial Protection Bureau ('CFPB')," and (2) "Wells Fargo [is ordered to] e-mail all of its in-house counsel asking each for the style of the case and identifying number of any such complaint that counsel can recall." (Doc. 100). After Judge Molzen filed the January 31, 2013, Order, Wells Fargo filed its reply to Plaintiffs'

4

response to the Objection. That reply, presumably, takes into account the January 31, 2013, Order.[2]

## B.  Standard of Review

Wells Fargo files its Objection under Fed. R. Civ. P. 72(a).  Rule 72(a) states that when a magistrate judge rules on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  When determining whether a magistrate judge's order is contrary to law, the district court uses a *de novo* review of the magistrate judge's legal conclusions.  *Id*.  A magistrate judge's decision is contrary to law when "the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998).

## C.  Discussion

Wells Fargo argues first that Interrogatory No. 8's request for information on complaints is overly broad and unduly burdensome on its face. Wells Fargo contends that although it has litigation case management databases, responding to Interrogatory No. 8's request for information on complaints would require "it to study, in detail," by hand, each of the thousands of cases it is involved in.  *See* (Doc. 85) at 3; (Doc. 113) at 2.  Since Interrogatory No. 8 is overly broad and unduly burdensome on its face, Wells Fargo asserts that it is not required to produce specific evidence, like an affidavit, to show that Interrogatory No. 8 is overly broad and unduly burdensome.

To avoid being facially over broad and unduly burdensome, an interrogatory must be "specific enough to readily identify what is wanted." *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999) (discussing a request for production). Use

---

[2] On September 18, 2013, Judge Molzen stayed outstanding discovery until the Court resolves pending objections to her discovery orders.  *See* (Doc. 215).

of certain omnibus phrases like "pertaining to," "relate to," or "relating to" makes an interrogatory facially over broad and unduly burdensome.  *Cotracom Commodity Trading Co.*, 189 F.R.D. at 665; *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197-98 (D. Kan. 1996).  However, a discovery request which is limited in time and confined to a discrete topic is likely not to be overly broad or unduly burdensome on its face.  *See Western Resources, Inc. v. Union Pacific R. Co.*, 2002 WL 1822428 * 3 (D. Kan. 2002).  As Wells Fargo contends, "[a] party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." *Mackey*, 167 F.R.D. at 197.  On the other hand, if it is not obvious from the face of the discovery request that it is overly broad and unduly burdensome, the party objecting to the discovery on the grounds that it is overly broad and unduly burdensome must provide affidavits or other evidence to support the objection.  *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). "It is not sufficient to simply state that the discovery is overly broad and burdensome, nor is a claim that answering the discovery will require the objecting party to expend considerable time and effort analyzing 'huge volumes of documents and information' a sufficient factual basis for sustaining the objection."  *Id.*

Interrogatory No. 8 now requests Wells Fargo to "provide information" on a specific kind of complaint filed in specified *fora* and to "e-mail all of its in-house counsel" for case information on those complaints.  (Doc. 100).  Hence, Interrogatory No. 8 does not contain any omnibus phrases with respect to the request for information on complaints.  Interrogatory No. 8 is also limited to a three year timeframe and describes a discrete subject matter, i.e., complaints "alleging attempts by Wells Fargo to collect a debt that had been discharged in bankruptcy which have been filed in state and federal courts, with attorney general's offices, with the Federal Trade Commission ('FTC') and Consumer Financial Protection Bureau ('CFPB')."  *Id.*  Interrogatory

No. 8 is "specific enough to readily identify what is wanted." Accordingly, Interrogatory No. 8's request for information on complaints is not overly broad or unduly burdensome on its face. That being the case, Wells Fargo should have provided evidentiary support for its argument that Interrogatory No. 8's request for information on complaints is overly broad and unduly burdensome. Wells Fargo's unsupported assertion that it must manually "study, in detail" thousands of cases to respond to Interrogatory No. 8 is simply insufficient to substantiate Wells Fargo's claim that the request for information on complaints is overly broad and unduly burdensome.

In addition, Wells Fargo argues that the requests for narrative explanations found in subsections (b) and (c) of Interrogatory No. 8 are overly broad and unduly burdensome on their face. Subsections (b) and (c) ask Wells Fargo "to explain" what it did to investigate complaints that Wells Fargo allegedly attempted to collect discharged debts and "to explain" what remedial actions Wells Fargo took regarding those complaints. Thus, these requests for explanations do not contain any omnibus phrases. The explanations are likewise similarly limited in time and subject matter as the request for information on complaints. Subsections (b) and (c) of Interrogatory No. 8 are "specific enough to readily identify what is wanted." Hence, those subsections are not overly broad or unduly burdensome on their face. Wells Fargo, therefore, should have provided evidentiary support for its argument that the requests for explanations are overly broad and unduly burdensome. Again, Wells Fargo's unsubstantiated claim that it must "study, in detail," by hand, thousands of cases to respond to Interrogatory No. 8 is insufficient to show that the requests for explanations are overly broad and unduly burdensome.

Wells Fargo also cites to *Harris v. Advance America Cash Advance Centers, Inc.* and *Alexander v. F.B.I.* for the proposition that the requests for explanations impermissibly require

Wells Fargo to create documents in order to respond to subsections (b) and (c). 288 F.R.D. 170, 172 (S.D. Ohio 2012); 194 F.R.D. 305, 310 (D.D.C. 2000). As Plaintiffs correctly indicate, *Harris* and *Alexander* concern requests for production of documents and not interrogatories. In addition, interrogatories commonly ask for explanations. Plaintiffs' requests for explanations do not improperly require Wells Fargo to create documents in order to answer Interrogatory No. 8.

Next, Wells Fargo argues that the request for non-judicial complaints in the original Interrogatory No. 8 is overly broad and unduly burdensome on its face. Plaintiffs and Judge Molzen, however, limited that portion of Interrogatory No. 8 to complaints "filed in state and federal courts, with attorney general's offices, with the Federal Trade Commission ('FTC') and Consumer Financial Protection Bureau ('CFPB')." (Doc. 100). Wells Fargo's argument regarding non-judicial complaints is, therefore, without merit.

Wells Fargo further argues that the requested information is equally available to Plaintiffs. "It is well-established that discovery need not be required of documents of public record which are equally accessible to all parties." *Securities and Exchange Commission v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y. 1973). Wells Fargo contends that although it has litigation case management databases, it must manually search internal files for the requested information. Additionally, Wells Fargo contends that it would have to serve subpoenas on third-parties to access public information regarding the requested complaints, and that it would have to electronically or manually search public records kept by courts, federal agencies, and attorney general's offices to find the requested information. Wells Fargo asserts that Plaintiffs can just as easily serve those subpoenas and search public records. Wells Fargo also suggests that consulting its staff and attorneys would not necessarily produce the requested

information in an easy and efficient manner.  Finally, Wells Fargo notes that asking outside

counsel to search their cases would be prohibitively expensive.

      Plaintiffs correctly observe that they cannot discover Wells Fargo's internal

investigations and remedial actions from public sources.  Moreover, it is incredulous that a large

sophisticated company like Wells Fargo cannot, without great effort, produce information on

complaints from internal sources and that Wells Fargo feels compelled to serve subpoenas on

third-parties and to search extensive public records.  Of course, the Court might feel more

sympathetic to Wells Fargo's allegations of hardship if it had provided evidentiary support for its

allegations.  *See Sedillos v. United Collection Bureau, Inc.*, Civ. No. 10-1063 JP/WDS, (Doc. 42)

at 2 (United States Magistrate Judge W. Daniel Schneider overruled defendant's objection to

"production of investigations regarding complaints and remedial measures taken as a result of

the complaints" because defendant did not prove "any type of estimate of the amount of

documents, time, or cost etc. would be necessary to respond to Plaintiff's request.").  Although

Plaintiffs could find some, but not all, of the requested information from public sources, the

Court suspects that Wells Fargo already has internal access to much of that information and that

Wells Fargo simply desires to shift its obligation to produce discovery information to Plaintiffs.

The Court, therefore, rejects Wells Fargo's contention that Plaintiffs have equal access to the

information sought in Interrogatory No. 8.

      Finally, Wells Fargo argues that the information requested in Interrogatory No. 8 fails the

proportionality test under Fed. R. Civ. p. 26(b)(C)(iii) and is of "dubious" relevance.  (Doc. 85)

at 8.  Federal Rule of Civil Procedure 26(b)(C)(iii) states that courts must limit discovery if they

determine that

> the burden or expense of the proposed discovery outweighs its likely benefit, considering
> the needs of the case, the amount in controversy, the parties' resources, the importance of

the issues at stake in the action, and the importance of the discovery in resolving the issues.

In this case, Wells Fargo admits that the benefit of the requested discovery is its relevancy to Plaintiffs' claim for punitive damages.  (Doc. 85) at 9 ("the discovery sought goes only to Wells Fargo's culpability from a punitive damages standpoint.").  Plaintiffs also correctly assert that the information sought in Interrogatory No. 8 is relevant to their New Mexico Unfair Practice Act claim which requires that Wells Fargo "knowingly" and "willfully" made misrepresentations.  *See* NMSA 1978, § 57-12-2(D) (1967); NMSA 1978, § 57-12-10(B) (1967).  Wells Fargo further argues that Plaintiffs have never disclosed what the amount in controversy is and that Plaintiff Cruz Baylon indicated that a $1,000.00 jury award would satisfy him.  *Id.* at 10.  Unfortunately, Wells Fargo does not support its assertion of a low case value with any evidence.  Under these circumstances, Wells Fargo has not shown that the benefits of the information requested in Interrogatory No. 8 do not outweigh the burden of responding to Interrogatory No. 8.

*D. Conclusion*

Having conducted a *de novo* review of Judge Molzen's Order granting, in part, Plaintiffs' Motion to Compel as well as the January 31, 2013, Order, the Court concludes that Judge Molzen did not misinterpret or misapply the law when she decided to compel Wells Fargo to answer Interrogatory No. 8.  Accordingly, Judge Molzen's decision is not contrary to the law and the Court, therefore, overrules Wells Fargo's Objection.  Furthermore, Wells Fargo must answer Interrogatory No. 8, as limited by Plaintiffs and Judge Molzen, by January 31, 2014.

IT IS ORDERED that

1.  Wells Fargo's Objection (Doc. 85) is overruled; and

2.  Wells Fargo must answer Interrogatory No. 8, as limited by Plaintiffs and Judge

Molzen, by January 31, 2014.

_____
UNITED STATES DISTRICT JUDGE