IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRUZ BAYLON and
MARIA CARMEN BAYLON,

    Plaintiffs,

v.                                            CIV 12-0052 KFG/KBM

WELLS FARGO BANK, N.A. and
MCCARTHY & HOLTHUS, LLP
d/b/a MCCARTHY, HOLTHUS & LEVINE,

    Defendants.

## ORDER DENYING WELLS FARGO'S MOTION FOR ATTORNEY FEES

THIS MATTER is before the Court on Defendant Wells Fargo's Motion for Attorney Fees and Costs Incurred in Connection with First Motion to Compel Discovery against Plaintiff Cruz Baylon *(Doc. 218)*. The Court has reviewed the motion, the briefs and exhibits submitted by the parties and the relevant authorities and finds that the motions should be denied.

Plaintiffs' Complaint arises from Defendants' alleged attempts to collect a debt that was discharged in bankruptcy. Wells Fargo is allegedly a debt collector under the Fair Debt Collection Practices Act ("FDCPA"). *See Doc. 1* at ¶ 6. Defendant McCarthy & Holthus, LLP ("McCarthy") is the law firm retained by Wells Fargo to collect Plaintiffs' debt. *See id.* at ¶ 7. The debt in question arises out of Plaintiffs' mortgage loan, which was discharged in bankruptcy on January 25, 2010. *See id.* at ¶ 13. According to Plaintiffs, the discharge of their

mortgage debt renders Defendants' efforts to collect payments unlawful.  *See generally id.*

At a hearing held September 17, 2012, the Court rejected Plaintiffs' arguments that Defendant Cruz Baylon should not be required to provide the release for medical and mental health records required by D.N.M.LR- Civ. 26.3.  *See Doc. 214 (Clerk's Minutes) & Doc. 215* (Order requiring production of medical records and also the 2009 settlement agreement with Accredited Home Lenders).  Based upon its success on the motion to compel, Wells Fargo now seeks more than $8,000 in "reasonable" attorney fees and costs in bringing and prosecuting the motion to compel.  *See Docs 218, 218-1 & 218-2.*

The recovery of attorney fees and costs in bringing a successful motion to compel discovery is governed by Rule 37 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> **(5)** *Payment of Expenses; Protective Orders.*
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)**  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)**  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)**  other circumstances make an award of expenses unjust.

2

Plaintiffs have come forward with evidence supporting a conclusion that an award would be unjust given the extreme disparity of their financial situation and that of Defendant Wells Fargo.  *See Docs. 233-1 & 233-2*.  I need not address that argument, however, because I cannot say that Plaintiffs' objection to providing the release was not substantially justified.  Here, Plaintiffs argued that because they will not call any medical experts or rely on Cruz Baylon's medical records at trial as to his emotional distress damages claim, a release for his medical and mental health records was not required under D.N.M.LR-Civ. 26.3.  *Doc. 175* at 5.

Magistrate Judge William P. Lynch has previously agreed with that proposition in an opinion of which the Court, and evidently the parties, was unaware.  *See E.E.O.C. v. Fisher Sand and Gravel*, CIV 09-0309 MV/WPL, Doc. 61(entered March 4, 2010).  Indeed, in its reply brief on the motion to compel, Wells Fargo expressly made the following observation:

> Plaintiff argues that his medical and mental health records should be protected from disclosure because they are private and because he does not intend to rely on them to prove that he suffered emotional distress.  In support, Plaintiff cites cases from a variety of federal district courts – **none of them the District of New Mexico** – holding that a party is not required to disclose medical records when he seeks only "garden variety" emotional distress damages.

*Doc. 180* at 1 (emphasis added).

In *E.E.O.C. v. Fisher Sand and Gravel*, Judge Lynch reviewed the language and history of the local rule and found that "[d]isclosure is not required merely because a party's 'physical or mental medical condition . . . is at issue.'"

3

*Id.* at 3.  Rather, he found that the 2000 amendments to Rule 26 of the Federal Rules of Procedure impose a limitation requiring disclosure only where that party plans to use the information to support its claims or defenses.  *Id.*  As Judge Lynch explained,

> [i]n this case, the EEOC denies that it intends to use any of Encinias's doctors or medical evidence to support its claims. Accordingly, the EEOC was not required to provide the names of Encinias's medical and mental health providers, her medical records, or medical releases with its initial disclosures.  Because D.N.M.LR-Civ. 26.3(d) does not require the disclosure of this information unless a party plans to use it to support its claims or defenses, and because Fisher bases its motion to compel on D.N.M.LR-Civ. 26.3(d), the motion to compel must be denied.

*Id.* at 4-5. I simply cannot say that Plaintiffs were unreasonable by taking the position with at which one judge of this district has agreed.

Wherefore**,**

**IT IS HEREBY ORDERED** that Defendant Wells Fargo's Motion for Attorney Fees and Costs Incurred in Connection with First Motion to Compel Discovery against Plaintiff Cruz Baylon *(Doc. 218)* is **denied.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

4