IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRUZ BAYLON and
MARIA CARMEN BAYLON,

    Plaintiffs,

vs.                                                   Civ. No. 12-0052 KG/KBM

WELLS FARGO BANK, N.A.; and
MCCARTHY & HOLTHUS, LLP
d/b/a MCCARTHY, HOLTHUS & LEVINE,

    Defendants.

## ORDER

This matter comes before the Court upon Wells Fargo's Objection to Magistrate's Discovery Order Dated January 31, 2013 (Objection), filed on February 19, 2013. (Doc. 111). Plaintiff responded to the Objection on March 6, 2013, and Defendant Wells Fargo Bank, N.A. (Wells Fargo) filed a reply on March 20, 2013. (Doc. Nos. 122 and 130). Having reviewed the Objection and accompanying briefs, the Court overrules the Objection.

On January 31, 2013, United States Chief Magistrate Judge Karen B. Molzen entered an order (1) denying Wells Fargo's Emergency Motion to Stay Portions of Chief Magistrate Judge Molzen's December 21, 2012 Order (Doc. 80) (Motion to Stay), and (2) requiring Wells Fargo to "e-mail all of its in-house counsel asking each for the style of the case and identifying number of any such complaint that counsel can recall." (Doc. 100). Wells Fargo complains that Judge Molzen's denial of the Motion to Stay was contrary to law because it would force Wells Fargo to comply with discovery requests which were still, at that time, subject to review by this Court under Fed. R. Civ. P. 72. The Court has since ruled on Wells Fargo's Rule 72 objections to that discovery. *See* (Docs. 242 and 249). Consequently, Wells Fargo's Objection to the January 31,

2013, order based on a pending review of Rule 72 objections to Judge Molzen's December 21, 2012, order is moot.

Wells Fargo also contends that Judge Molzen's order concerning emails to Wells Fargo's in-house counsel is contrary to law. Wells Fargo argues that (1) it was improper for Judge Molzen to impose additional discovery obligations on it when the matter before Judge Molzen was the Motion to Stay, and (2) the emails would be "of almost no probative value." (Doc. 111) at 7. Although the matter of emails to in-house counsel was not raised in the Motion to Stay, Plaintiffs' counsel requested that Wells Fargo email in-house counsel at a January 31, 2013, hearing which Judge Molzen held prior to entering the January 31, 2013, order. *See* (Doc. 99) at 3. The Court assumes that Wells Fargo had an opportunity to respond to that request at the hearing. Judge Molzen certainly has the authority to rule on pretrial motions related to discovery, albeit, in this case, an oral motion. *See* 28 U.S.C. § 636(b)(1)(A). Finally, Wells Fargo's contention regarding the probative value of the emails is conclusory and unconvincing. Judge Molzen's ruling ordering that emails be sent to in-house counsel is, therefore, not contrary to law.

IT IS ORDERED that Wells Fargo's Objection to Magistrate's Discovery Order Dated January 31, 2013 (Doc. 111) is overruled.

_____
UNITED STATES DISTRICT JUDGE