IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRUZ BAYLON and
MARIA CARMEN BAYLON,

    Plaintiffs,

vs.                                                  Civ. No. 12-0052 KG/KBM

WELLS FARGO BANK, N.A.; and
MCCARTHY & HOLTHUS, LLP
d/b/a MCCARTHY, HOLTHUS & LEVINE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Wells Fargo's Objection to Chief Magistrate Judge's Discovery Order of February 12, 2013 (Objection), filed on February 26, 2013. (Doc. 116). On March 18, 2013, Plaintiffs filed a response to the Objection, and on April 1, 2013, Wells Fargo filed its reply. (Docs. 129 and 135). Having reviewed the Objection and accompanying briefs, the Court sustains the Objection, in part, for the following reasons.

    On February 12, 2013, United States Chief Magistrate Judge Karen B. Molzen granted, in part, Plaintiffs' Second Motion to Compel Wells Fargo to Answer Written Discovery (Second Motion to Compel) (Doc. 65). (Doc. 105). Wells Fargo argues that Judge Molzen's rulings regarding Interrogatory Nos. 10 and 11, and Request for Production Nos. 7, 9, and 13 are contrary to law. Under Fed. R. Civ. P. 72(a), when a magistrate judge enters an order on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." When determining whether a magistrate judge's order is contrary to law, the district court uses a *de novo* review of the magistrate judge's legal conclusions. *Id.* A magistrate judge's decision is

contrary to law when "the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998).  The clearly erroneous standard "requires that the reviewing court affirm unless [the court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).

The discovery at issue in the Objection seeks information and documents concerning Wells Fargo's training materials as well as its policies and procedures.  In responding to the requests for discovery, Wells Fargo stated that (1) it "withdraws its previous objections as a consequence of Plaintiffs' agreement to narrow the scope of the inquiry;" (2) it is investigating whether the information or documents "in place between the time of the discharge of the underlying debt and the filing of the foreclosure lawsuit concerning the subject matter of this lawsuit is available;" and (3) it "is presently engaged in gathering such information."  (Doc. 66-10) at 9, 18-19, 21-22.  One of the reasons that Plaintiff filed the Second Motion to Compel was that Wells Fargo had still not produced the information and documents sought in the discovery at issue.

Judge Molzen recognized that Wells Fargo had withdrawn its previous objections and determined that Wells Fargo must produce the information and documents "to the extent it has not already done so…."  (Doc. 105) at 9-10.  Judge Molzen further determined that Wells Fargo must produce its

> internal policies—whether commonly referred to as policies, procedures, guidelines, or by any other name—without regard to whether they were developed or released during what Wells Fargo has identified as the relevant time frame.  If such policies were available to its personnel from September 1, 2009, to August 24, 2011, Wells Fargo must produce them.

*Id*.

As an initial matter, the parties agree that Judge Molzen's characterization of the relevant time frame as being from September 1, 2009, to August 24, 2011, is clearly erroneous. The parties further agree that the relevant time frame, the time between the discharge of the underlying debt and the filing of the foreclosure lawsuit, is from January 2010 to August 2011. The Court will, therefore, modify Judge Molzen's order to reflect the correct relevant time frame.

Wells Fargo argues that Judge Molzen erred in her rulings because "(1) Wells Fargo had not withdrawn its objections to the original requests outright, as indicated by the Chief Magistrate Judge; and (2) the Chief Magistrate's Order compelled Wells Fargo to respond to discovery requests that were even broader than the *original* discovery requests propounded by Plaintiff." (Doc. 135) at 2. Wells Fargo contends that Judge Molzen impermissibly broadened discovery by requiring production of policies, procedures and training materials that "were available" to Wells Fargo employees, by expanding the term "policy" to include all "procedures, guidelines, or [documents] by any other name," and by expanding "training information" to include "all documents that concern training provided to Wells Fargo's employees for collection of consumer accounts." *Id*. at 2-3.

First, Wells Fargo argues that Judge Molzen erred in noting that "Wells Fargo withdrew its initial objections." Wells Fargo, however, explicitly states in its responses to the discovery at issue that it "withdraws its previous objections as a consequence of Plaintiffs' agreement to narrow the scope of the inquiry." (Doc. 66-10) at 9, 18-19, 21. Judge Molzen, therefore, did not err in noting that "Wells Fargo withdrew its initial objections." *See* (Doc. 105) at 9.

Second, Wells Fargo argues that Judge Molzen's statement, "If such policies were <u>available</u> to its personnel …, Wells Fargo must produce them," impermissibly broadens the original discovery requests.  Wells Fargo notes that the parties agree that Wells Fargo must produce only those policies that were "in place" or "in effect" during the relevant time period. (Doc. 135) at 1; (Doc. 129) at 4. The Court finds that the word "available" could be interpreted more broadly than the terms "in place" or "in effect."  Hence, the Court will modify Judge Molzen's order to use the more limiting language of "in effect."

Third, Wells Fargo contends that Judge Molzen erred by expanding the term "policy" to include all "procedures, guidelines, or [documents] by any other name."  Wells Fargo argues that this language results in an overly broad and burdensome request for discovery.  For example, Wells Fargo asserts that it would have to produce irrelevant documents like "customer complaints or internal emails concerning other customer accounts."  (Doc. 135) at 2.  Wells Fargo's interpretation of Judge Molzen's order, however, is flawed.  Judge Molzen actually stated that Wells Fargo must produce "its internal policies—whether commonly referred to as policies, procedures, guidelines, or by any other name…."  (Doc. 105) at 10.  The order does not require a production of "all documents."  The order simply requires the production of internal policies, no matter how those policies are labeled.  This objection to Judge Molzen's order is without merit, and overruled.

Fourth, Wells Fargo complains that Judge Molzen improperly expanded Plaintiff's request for "training information" to "all documents that concern training."  Request for Production No. 7 specifically requests that Wells Fargo "[p]roduce all documents that concern training…."  (Doc. 66-10) at 7.  Wells Fargo contends that the parties later agreed to limit Requst for Production No. 7 to just "training information."  *See* (Doc. 116) at 5-6.  Plaintiffs dispute that

4

contention. (Doc. 129) at 2-3. It is undisputed, however, that the parties agreed that Wells Fargo would produce "Policies, Procedures, and Training" information. (Doc. 129-1). One of the reasons Plaintiffs filed their Second Motion to Compel was because Wells Fargo had not produced the promised policies, procedures, and training materials. (Doc. 66) at 7-8. Plaintiffs, in fact, asked Judge Molzen to order Wells Fargo to produce "its written polices [sic], procedures, or training materials." *Id*. at 10. In responding to the Second Motion to Compel, Wells Fargo reiterated that it did not object to producing "training materials, policies, or procedures." (Doc. 74) at 5.

Judge Molzen, in her order, describes Request for Production No. 7 as it was originally written, i.e., a request to produce "all documents that concern training." (Doc. 105) at 9. Judge Molzen later found that the requested materials were "entirely within the scope of discovery" and that Wells Fargo must produce those materials "to the extent it has not already done so." *Id.* at 10. Since this language indicates that Judge Molzen granted Plaintiffs' Second Motion to Compel regarding training discovery, the Court assumes that Judge Molzen granted Plaintiffs' request in the Second Motion to Compel that Wells Fargo produce its "written polices [sic], procedures, or <u>training materials.</u>" Emphasis added. To make this point clear, the Court will modify Judge Molzen's order to specifically state that Wells Fargo must produce "training materials" as opposed to "all documents that concern training."

IT IS ORDERED that:

1. Wells Fargo's Objection to Chief Magistrate Judge's Discovery Order of February 12, 2013 (Doc. 116) is sustained, in part;

2.  Judge Molzen's order is modified to reflect that the relevant time frame is the time between the discharge of the underlying debt and the filing of the foreclosure lawsuit, i.e., from January 2010 to August 2011;

3.  Judge Molzen's order is modified to require that Wells Fargo produce internal policies—whether commonly referred to as policies, procedures, guidelines, or by any other name—which were in effect during the relevant time frame; and

4.  Judge Molzen's order is modified to require the production of *training materials*, not "all documents that concern training."

                                                                _____
                                                               UNITED STATES DISTRICT JUDGE