IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CRUZ BAYLON and
MARIA CARMEN BAYLON,

     Plaintiffs,

v.                                            No. 12-CV-52 KG/KK

WELLS FARGO BANK, N.A.; and
MCCARTHY & HOLTHUS, LLP
d/b/a MCCARTHY, HOLTHUS & LEVINE,

     Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion for

Attorneys' Fees, filed November 30, 2015. (Doc. 262). Plaintiffs Cruz Baylon and Maria

Carmen Baylon filed a response on January 11, 2016, (Doc. 267), and Wells Fargo filed a reply

on February 4, 2016 (Doc. 272). Upon review of the briefing, exhibits, and relevant law, the

Court denies Wells Fargo's motion for attorneys' fees.

*A. Background*

On October 30, 2015, the Court entered a Memorandum Opinion and Order, (Doc. 259),

and Final Judgment and Dismissal, (Doc. 260), granting summary judgment in favor of

Defendants Wells Fargo and McCarthy & Holthus, LLP, and against the Baylons on their Fair

Debt Collection Practices Act ("FDCPA") claims. As to Wells Fargo, the Court dismissed with

prejudice the FDPCA claim because the Baylons failed to show that Wells Fargo was a "debt

collector"[1] under the FDCPA.  Specifically, the Baylons failed to provide factual allegations to support the proposition that Wells Fargo "regularly collects or attempts to collect debts owed or due or asserted to be owed or due another."  (Doc. 259) at 9.  The Court declined to exercise supplemental jurisdiction over the remaining state claims for violations of the New Mexico Unfair Practices Act and for tortious debt collection, dismissing these claims without prejudice.

Wells Fargo argues that it is entitled to attorneys' fees in the amount of $360,618.87 based on three possible theories of recovery: 1) plaintiffs' civil liability under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3); 2) counsel's liability for excessive costs under 28 U.S.C. § 1927; and 3) the Court's inherent authority.

B.  *Discussion*

1.  *Attorneys' Fees Pursuant to 15 U.S.C. § 1692k(a)(3)*

a.  *The Parties' Arguments*

Pursuant to 15 U.S.C. § 1692k(a)(3), "On a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  Wells Fargo argues that despite "lack of factual support and being advised on numerous occasions that Wells Fargo was not in fact a 'debt collector' under the FDCPA, [the Baylons] multiplied the proceedings herein and conducted extensive and vexatious discovery."  (Doc. 262) at 1.  Wells Fargo lists several instances during discovery in which it allegedly demonstrated to the Baylons

---

[1] A "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include—(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (iii) concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6).

that it did not qualify as a "debt collector" under the FDCPA and was instead a "creditor." (*Id.*) at 2-4.

Wells Fargo contends that the analysis in *Dean v. Gillette*, No. 04-2100-JWL, 2005 WL 957043, at *1 (D. Kan. Apr. 2005) (unpublished) ("*Dean I*"), is applicable to the present case. In *Dean I*, the court awarded attorneys' fees under 15 U.S.C. § 1692k(a)(3) where "even the most cursory review of the statutory language reveals that [defendant] is not a debt collector within the meaning of the FDCPA. Simply put, plaintiff's action against [defendant] was 'utterly without factual foundation' and thus, an award of fees is appropriate." *Id.* at *3. Wells Fargo argues that, as in *Dean I*, the Baylons' FDCPA claim lacked any factual basis, yet the Baylons continued to pursue the claim.

The Baylons argue it is a rare case where a defendant establishes that a plaintiff brought an FDCPA claim in bad faith and for the purpose of harassment. They contend that the present case is not one of those rare cases. First, the Baylons assert that the fact that their FDCPA claim was unsuccessful does not mean that it was brought in bad faith. Next, they argue that the Court should only assess whether the claim was in bad faith and for the purpose of harassment at the time the Baylons initially filed their lawsuit. Third, the Baylons maintain that Wells Fargo presented no evidence or argument of bad faith or harassment. Rather, they contend, Wells Fargo acted in bad faith and harassed the Baylons with frequent and abusive phone calls in an attempt to collect a discharged debt. The Baylons also argue that Wells Fargo never made clear in discovery whether Wells Fargo met the second definition of a debt collector: one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Instead, according to the Baylons, Wells Fargo focused on whether it had acquired the Baylons' mortgage note in default, which the Baylons

maintain Wells Fargo did obtain while in default.  Finally, the Baylons ask that they not be

penalized for what they contend is an evolution of the case law during the pendency of this case

regarding the meaning of a "debt collector"—from one who acquires a debt after default to a

focus on whether one owns the debt.  *See Schlegel v. Wells Fargo Bank*, 720 F.3d 1204 (9th Cir.

2013).

Wells Fargo replies that the Baylons' response fails to focus on the key inquiry involving

the identity of the loan's owner, regardless of whether the loan was in default when the owner

acquired the loan.  Wells Fargo contests the Baylons' characterization of the case law regarding

the definition of a debt collector as evolving, arguing that *Dean I*, from 2005, and other cases

from about the same time, turned on the defendant's collection of a debt owed to it.  2005 WL

957043.  Further, Wells Fargo argues that, in contrast to the Baylons' assertion that the bad faith

and harassment assessments relate only to the time the Baylons filed their case, several cases

demonstrate that a plaintiff who fails to dismiss an FDCPA claim after learning that it is

meritless can also be responsible for paying a defendant's attorneys' fees.  *See Montgomery v.

Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003); *Zimmerman v. The CIT Grp., Inc.*, No.

CIV.A. 08-CV-00246-ZLW-KLM, 2008 WL 5786438, at *9 (D. Colo. Oct. 6, 2008); *Williams v.

Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007); *Dean I*, 2005 WL

957043, at *2.

        *b.   Information Sought by the Baylons and Provided by Wells Fargo in Discovery*

The Court will assess in this section whether Wells Fargo made clear in discovery that it

did not qualify as a debt collector under the FDCPA.  As an initial matter, Wells Fargo argued

that the first and second affirmative defenses in its answer to the Complaint "expressly asserted

that Plaintiffs' FDCPA claim failed as a matter of law because Wells Fargo does not meet the

statutory definition of a 'debt collector.'" (Doc. 262) at 2. Wells Fargo's first affirmative

defense reads as follows:

> Wells Fargo does not meet the statutory definition of a "debt collector" under 15
> U.S.C. § 1692a(6) because the principal purpose of its business is not debt
> collection, and therefore Plaintiffs' FDCPA claim fails as a matter of law because
> the FDCPA only applies to those who act as a "debt collector."

(Doc. 10) at 6. Its second affirmative defense states, "Wells Fargo qualifies as a 'creditor' under

15 U.S.C. § 1692a(4), and Plaintiffs' FDCPA claim therefore fails as a matter of law because a

'creditor' cannot be held liable under the FDCPA." (*Id.*) at 7. While the Court recognizes that

Wells Fargo clearly stated that it is a creditor and not a debt collector, Wells Fargo only

addressed the first means by which an entity may qualify as a debt collector under the FDCPA.

That is, Wells Fargo omitted any discussion of whether it qualified as a debt collector as one

"who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Second, Wells Fargo argues that it objected on June 28, 2012, to an interrogatory on the

basis that the interrogatory

> assumes Wells Fargo engaged in debt collection activities, which is a fact that is
> still in dispute. Plaintiffs have asserted a claim under the FDCPA, and in order to
> prove liability, Plaintiffs must demonstrate that Wells Fargo qualifies as a debt
> collector that violated the FDCPA while engaged in debt collection activities.
> However, Wells Fargo produced documentation to Plaintiffs' counsel before the
> instant discovery was propounded, demonstrating that Wells Fargo qualifies as a
> "creditor" and not a "debt collector" under the FDCPA and could not have
> engaged in debt collection activities.

(Doc. 39) Ex. 2 at 5. Again, Wells Fargo asserted that it was a creditor and not a debt collector.

However, Wells Fargo did not discuss the definition of a debt collector. Nor is there any

evidence in the record as to what documentation Wells Fargo produced that demonstrated

conclusively Wells Fargo's status as a creditor rather than a debt collector. Wells Fargo later

used similar language on September 4, 2012, in a response to a motion to compel certain

discovery.  (Doc. 49) at 6.  As before, Wells Fargo did not specify or provide documentation to

the Court regarding its status as a creditor.

In response to an interrogatory by the Baylons requesting that Wells Fargo "[d]escribe in

detail the factual basis for Wells Fargo's denial that it is a 'debt collector' as defined by the

FDCPA, 15 U.S.C. § 1692a(6)," Wells Fargo provided some information about the documents

produced on the topic of Wells Fargo's creditor status.[2]  Wells Fargo stated, "[s]pecifically, this

document demonstrated that Wells Fargo had a beneficial or ownership interest in the Baylons'

Loan as of September 10, 2007, and under the FDCPA, Wells Fargo cannot be considered a

'debt collector' when it has such an interest in the Baylons' Loan."  (Doc. 272) at 4.  As the

Court will discuss in a later section, one who acquires ownership of a debt may still qualify as a

debt collector.

After Wells Fargo filed its motion for summary judgment on March 1, 2013, (Doc. 120),

the Baylons served a fourth set of requests for discovery, (Doc. 160) Ex. F.  Request for

Admission No. 23 reads as follows: "Wells Fargo regularly collects debts owed or asserted to be

owed to another.  Admit_____.  Deny_____." (*Id.*) at 6.  Interrogatories 24 through 28 of the

fourth set of requests for discovery contain follow-up questions to Request for Admission No.

23.  (*Id.*) at 6-7.  The Magistrate Judge, however, granted a protective order against Wells Fargo

having to respond to this discovery pending the Court's resolution of outstanding dispositive

motions.  (Doc. 215) at 1.  The Magistrate Judge found that "a stay of outstanding discovery . . .

---

[2] Aside from the reply in which this interrogatory is cited, neither party provided a copy of this
interrogatory and response, which Wells Fargo asserts was Interrogatory No. 12 from the
Baylons' first set of discovery requests.  (*See* Doc. 272) at 4.

pending the resolution of the parties' motions for summary judgment . . . would conserve the

resources and time of all involved and is therefore appropriate." (*Id.*)

Based on the discovery proceedings, the Court concludes the Baylons did not receive

information sufficient to determine conclusively that Wells Fargo was a creditor rather than a

debt collector and that they hence could not sustain an FDCPA claim against Wells Fargo.

   c. *Whether Case Law Renders the FDCPA Claim Brought in Bad Faith and For*
      *Purposes of Harassment*

"[C]ourts will not find 'bad faith' if a plaintiff has a colorable argument in support of his

or her claim." *Dean v. Gillette*, No. 04-2100-JWL, 2005 WL 2810539, at *3 (D. Kan. Oct. 27,

2005) (unpublished) (citations omitted) ("*Dean II*"). "The legislative history of section 1692a(6)

indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage

servicing company, or an assignee of a debt, as long as the debt was not in default at the time it

was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S. REP.

No. 95-382 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1698). Whether a creditor,

mortgage servicing company, or an assignee of a debt is a debt collector or a creditor depends on

a more nuanced assessment than purely the default status of the debt at the time the entity

obtained or began servicing the debt:

> [F]or debts that do not originate with the one attempting collection, but are
> acquired from another, the collection activity related to that debt could logically
> fall into either category. If the one who acquired the debt continues to service it,
> it is acting much like the original creditor that created the debt. On the other
> hand, if it simply acquires the debt for collection, it is acting more like a debt
> collector.

*Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).

While the Court concludes that Wells Fargo was not a debt collector for purposes of the

FDCPA, the Court finds that the Baylons had a colorable argument in support of an FDCPA

7

claim.  The Baylons were in default under the terms of the mortgage when the Note and

mortgage were assigned to Wells Fargo on September 10, 2007.  (*See* Doc. 120) Ex. G; (Doc.

133) Ex. B.  The Baylons resumed making payments, though often late, until May 2009.  (Doc.

120) Ex. C at 3.  During this period, Wells Fargo did not make collection calls and maintained

customer goodwill.  *See F.T.C. v. Check Inv'rs, Inc.*, 502 F.3d 159, 174 (3d Cir. 2007) ("No

merchant worried about goodwill or the future of his/her business would have engaged in the

kind of conduct that was the daily fare of the collectors at Check Investors.").  Although Wells

Fargo began making collection calls in September 2010, the same month that it became the loan

servicer, this did not represent a situation in which Wells Fargo obtained a debt simply for the

purposes of collection.  (*See* Doc. 259) at 3.  Wells Fargo held the rights to the Note and

mortgage for one year, eight months, before the Baylons stopped paying completely.  Yet the

Baylons' argument that Wells Fargo was a debt collector because it obtained the debt while in

default was colorable despite the Court's decision that Wells Fargo was acting as a creditor and

not collecting a debt on behalf of another.  As discussed in *Schlosser*, the mutually exclusive

division between debt collectors and creditors is dependent on the reasons for acquiring a debt—

a fact specific inquiry.  323 F.3d at 536.  While Wells Fargo obtained ownership of the debt in

September 2007, the fact that it did not begin servicing the debt until September 2010 and in that

same month began collection calls could have created ambiguity for the Baylons as to whether

Wells Fargo was acting as a debt collector or a creditor.

     This Court does not find that the Baylons brought their FDCPA claim "utterly without

factual foundation" because the limited facts gleaned in discovery suggested the possibility that

Wells Fargo was a debt collector, depending on the reasons for which Wells Fargo acquired the

debt.  *Dean* I, 2005 WL 957043, at *3 (quotation omitted).  Based on the facts in this case and

the discovery conducted, the Court declines to find that the Baylons brought or maintained their FDCPA claim in bad faith and for the purpose of harassment under 15 U.S.C. § 1692k(a)(3).

> 2.   *Counsel's Liability for Excessive Costs and the Court's Inherent Power*

Wells Fargo argues, alternatively, that it is entitled to attorneys' fees pursuant to 28 U.S.C. § 1927 or the under the Court's inherent power "to deter frivolous and abusive litigation and promote justice and judicial efficiency by imposing monetary sanctions."  (Doc. 262) at 8 (quoting *Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282, 1285 (D.N.M. 2009)).  Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  (*Id.*)  "Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of proceedings is unwarranted." *Eberly v. Manning*, 258 F. App'x 224, 227 (10th Cir. 2007) (unpublished); *see also Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008) ("[A]ny conduct that, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court,' is sanctionable.").

Wells Fargo argues that the Baylons' FDCPA claim lacked merit and never should have been filed.  Wells Fargo also contends that the Baylons' counsel had reason to know early in the case that the FDCPA claim would fail as a matter of law, yet did not voluntarily dismiss the claim.  Further, Wells Fargo asserts that the Baylons multiplied unwarranted proceedings and attempted to conduct extensive discovery even after Wells Fargo filed its motion for summary judgment.

The Court concludes that the Baylons' attorneys' actions were not unreasonable or vexatious and did not rise to the level of recklessness or indifference to the law, did not lack a plausible basis for the FDCPA claim, or resulted in an entire course of unwarranted proceedings. Furthermore, upon assessing the facts and discovery pertaining to the FDCPA claim, the Court found the FDCPA claim colorable.  Therefore, the Court declines to award attorneys' fees pursuant to 28 U.S.C. §1927.  The Court also declines to award attorneys' fees in accordance with its inherent power.

IT IS THEREFORE ORDERED that Wells Fargo's Motion for Attorneys' Fees (Doc. 262) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE